IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN GRAVELY, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2031 |
| BALTIMORE COUNTY POLICE DEPARTMENT, | * | |
| DET. S. KILPATRICK, and DET. K. BURROWS, | * | |
| | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

While detained at the Baltimore County Detention Center ("BCDC"), the self-represented plaintiff, Steven Gravely, Jr. filed suit pursuant to 42 U.S.C. § 1983 against the State of Maryland; Baltimore County Police Department ("BCPD"); BCPD Detectives S. Kilpatrick and K. Burrows; and Baltimore County prosecutors Scott D. Shellenberger, Perry Wasserman, and Hannah Bruchman. ECF No. 1. In relevant part, Gravely alleges that Detectives Kilpatrick and Burrows subjected him to an illegal search and seizure in violation of the Fourth and Fourteenth Amendments and were deliberately indifferent during the search in violation of the Eighth Amendment. *Id.* at 2-4. Gravely also claims that he was subjected to harsh conditions of confinement during his incarceration at BCDC. *Id.* at 4-5.

By Order dated July 17, 2020, the Court dismissed without prejudice Gravely's claims against the State of Maryland, Shellenberger, Wasserman, and Bruchman. ECF No. 4. Pursuant to the *Younger*[1] abstention doctrine, the Court also dismissed Gravely's claims for injunctive and declaratory relief against BCPD, Kilpatrick, and Burrows, and stayed his claims for monetary

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

damages against those defendants, while allowing the conditions claims to proceed. *Id.*

On December 14, 2020, BCPD filed a Motion to Dismiss the conditions claims. ECF No. 9. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Gravely that the failure to file a response in opposition to BCPD's Motion could result in dismissal of his Complaint. ECF No. 10. Gravely filed nothing further.

BCPD's Motion is now ripe for disposition. Upon review of the record, exhibits, and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Motion to Dismiss shall be granted. Gravely will be required to file a status report regarding his stayed claims.

## Background

Four of the five pages in Gravely's Complaint relate to the incident surrounding his arrest. *See* Complaint, ECF No. 1. In its entirety, Gravely's claims regarding the conditions of his confinement is as follows: "The State of Maryland and the Baltimore County Police Department's failure to train caused for plaintiff's rights to be violated, and for plaintiff to have to endure harsh conditions while incarcerated." *Id.* at 5.

## Standard of Review

BCPD may test the legal sufficiency of Gravely's conditions claims by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). *See Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (*per curiam*). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

**Discussion**

At the time of Gravely's confinement giving rise to this claim, he was a pretrial detainee in Baltimore County, Maryland. Accordingly, his claim is analyzed under the Fourteenth Amendment. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992). "The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by

the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103. It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency . . . .'" *Id.* (citation omitted). Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The deliberate indifference standard consists of a two-pronged test: "(1) the prisoner must be exposed to 'a substantial risk of serious harm,' and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97-98 (quoting *Farmer*, 511 U.S. at 834, 837-38).

Here, Gravely summarily states that he was subjected to "harsh conditions" and does not provide any information to support his claims. "Since 'routine discomfort' is part of prison life

4

and 'society does not expect that prisoners will have unqualified access to health care,' in order to demonstrate the objective component of conditions-of-confinement or medical care claims prisoners must demonstrate 'extreme' deprivations or neglect of 'serious' medical needs." *Williams*, 77 F.3d at 761 (citing *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)).  Gravely has failed to demonstrate the extreme deprivations required.  *See, e.g.*, *Fruit v. Norris*, 905 F.2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear and ignoring other dangers to personal safety when working inside a raw sewage-well established prima facie Eighth Amendment violation).  Thus, he fails to state a conditions claim, and BCPD's Motion to Dismiss shall be granted.

## Conclusion

BCPD's Motion to Dismiss is granted.  Within 28 days of the date of this Order, Gravely shall file a status report regarding his criminal case in the Circuit Court for Baltimore County and whether he still wishes to pursue his search and seizure and deliberate indifference claims for monetary damages in this Court.  Gravely is forewarned that failure to file a status report may result in dismissal of the remaining claims without prejudice and without further notice.

A separate Order follows.

_1/13/2021_____                   ____/s/_____
Date                                                           RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE