IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN GRAVLEY, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. MJM-20-2031 |
| BALTIMORE COUNTY POLICE DEPARTMENT, | * | |
| DET. S. KILPATRICK, and DET. K. BURROWS, | * | |
| | * | |
| Defendants. | | |
| | *** | |

## MEMORANDUM OPINION

While detained at the Baltimore County Detention Center ("BCDC"), self-represented plaintiff, Steven Gravley, Jr. filed suit pursuant to 42 U.S.C. § 1983 against the State of Maryland; Baltimore County Police Department ("BCPD"); BCPD Detectives S. Kilpatrick and K. Burrows; and Baltimore County prosecutors Scott D. Shellenberger, Perry Wasserman, and Hannah Bruchman. ECF No. 1. By Order dated July 17, 2020, the Court dismissed without prejudice Gravley's claims against the State of Maryland, Shellenberger, Wasserman, and Bruchman. ECF No. 4. On January 13, 2021, by Memorandum Opinion and Order, the Court dismissed Gravley's claim that he was subjected to harsh conditions of confinement during his incarceration at BCDC. ECF Nos. 11, 12. In his initial Complaint, Gravley also alleged that Detectives Kilpatrick and Burrows subjected him to an illegal search and seizure in violation of the Fourth and Fourteenth Amendments and were deliberately indifferent during the search in violation of the Eighth Amendment. ECF No. 1 at 2-4. Pursuant to the *Younger*[1] abstention doctrine, the Court dismissed Gravley's claims for injunctive and declaratory relief against BCPD, Kilpatrick, and Burrows, and

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

stayed his claims for monetary damages against those defendants. ECF No. 4.  The Court directed Gravely to file status reports regarding the progress of his state criminal proceedings and to inform the Court whether he wished to pursue his monetary damages claims.  *See, e.g.*, ECF Nos. 12, 15, 17, 21, 23, 30, 33, 35.  Gravely filed regular status reports and continuously stated his desire to continue with his claims.  *See* ECF Nos. 14, 16, 22, 24, 25, 26, 27, 29, 32, 34, 37, 42, 43, 44, 47.

On April 3, 2025, the Court granted Gravley's Motion to Reopen and directed the remaining Defendants to respond to Gravley's claims that Detectives Kilpatrick and Burrows subjected him to an illegal search and seizure in violation of the Fourth and Fourteenth Amendments and were deliberately indifferent during the search in violation of the Eighth Amendment. ECF No. 55.  Gravley requested a hearing. ECF No. 56. Defendants have moved to dismiss the Complaint.  ECF No. 57.  Gravley was advised that he could file an opposition to the Motion, ECF No. 58, but, to date, despite being provided additional time to respond, ECF No. 62, he has failed to do so.  No hearing is necessary to resolve the motions.  *See* Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, Gravley's Motion for Hearing is denied, and Defendants' Motion to Dismiss is granted.

I.     BACKGROUND

Gravley alleges that on January 29, 2019, after being *Mirandized*, he was interviewed by Detectives Kilpatrick and Burrows, who then wrote an application for a warrant.  ECF No. 1 at 2. Gravley asserts that Kilpatrick and Burrows "intentionally withheld, or with reckless disregard for the truth neglected to include information in the affidavit for the consideration of the Judge … knowing he was entitled to all the information in the possession of both detectives bearing on the victim['s] credibility."  *Id.* at 3. Gravley claims that Kilpatrick and Burrows' "actions were malicious and cruel, done with a reckless and intentional intent to cause harm." *Id.* at 4.  He also

2

baldly asserts a state tort claim of intentional infliction of emotional distress. *Id*. Gravley also claims the Kilpatrick violated his right to due process by charging him with various offenses, which recited that Gravley "did unlawfully commit" certain crimes, which, in Gravley's view, read as though Kilpatrick witnessed the crimes firsthand. *Id.* at 4. Gravley also claims that BCPD's "'custom practice' violated [his] rights the U.S. Constitution under the Fourteenth Amendment when one charging and/or arresting documents state, 'did unlawfully commit' against the peace, government, and dignity of the State of Maryland without giving the process due." *Id.* at 5. He does not identify the custom or practice, or provide any additional information regarding this claim.

Gravley was indicted in the Circuit Court for Baltimore County, in Case No. C-03-CR-19-62, on charges of first-degree rape, second-degree rape, first-degree assault, second-degree assault, first-degree burglary, and related offenses. ECF No. 1-2 at 17–19. As noted, this case was stayed pending the resolution of his criminal case.

## II. STANDARD OF REVIEW

Defendants have moved to dismiss this case. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon review of a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations in the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that a court can "ignore an obvious failure to allege facts setting forth a plausible claim for relief." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III.     ANALYSIS

A plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Filarsky v. Delia*, 566 U.S. 377 (2012). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis

4

for each is identical." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)).

### A. Baltimore County Police Department

Defendants argue that BCPD is not an entity capable of being sued. This Court agrees. *See* 42 U.S.C. § 1983;[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"); 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). Maryland law determines whether an entity possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.*, 538 F.2d 616, 617–18 (4th Cir. 1976). BCPD is a department within Baltimore County and not a separate entity subject to suit. *See Borkowski v. Baltimore Cnty., Maryland*, 414 F. Supp. 3d 788, 804 (D. Md. 2019) (dismissing BCPD as a defendant because it is not *sui juris* and is merely an agency of Baltimore County) (citing *James v. Frederick Cnty. Pub. Sch.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (internal citations omitted)). Gravley's complaint against BCPD is dismissed.

### B. BCPD Detectives S. Kilpatrick and K. Burrows

In Gravley's Motion to Reopen, he provides evidence that although he was granted leave to file a belated Motion for Modification or Reduction of Sentence in state court, his state Petition for Post-Conviction Relief was denied in all other respects. ECF No. 48 at 2. He asserts that his state criminal proceedings have now concluded. ECF No. 48. Review of Maryland Judiciary Record Search demonstrates that Gravley was found guilty of second-degree assault in the Circuit

---

[2] Section 1983 states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis added).

Court for Baltimore County on April 16, 2021, and sentenced to a term of ten years' incarceration. His conviction stands.

Here, Gravley is pursuing a civil action based on alleged deficiencies in his criminal case in state court. Such a cause of action is prohibited under the Supreme Court's decision in *Heck v. Humphrey*, 512 U. S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable under 42 U.S.C. § 1983 unless and until the conviction is reversed, expunged, invalidated, or impugned, and, therefore, complaints containing such claims must be dismissed without prejudice. *Id.* Accordingly, Gravley's claims will be dismissed without prejudice. Unless and until the conviction is invalidated, this claim cannot be pursued.

### C. State Law Claim

To the extent that Gravley raises a state law tort claim for the intentional infliction of emotional distress, this Court declines to exercise supplemental jurisdiction over any such claim. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966)). Gravley's state law claim is dismissed without prejudice.

### IV. CONCLUSION

By a separate Order to follow, the Motion to Dismiss filed by BCPD and Detectives S. Kilpatrick and K. Burrows will be granted, and the Complaint will be dismissed.

| | |
|---|---|
| __9/25/25__ | _____/S/_____ |
| Date | Matthew J. Maddox |
| | United States District Judge |